UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
        -against-                          :
                                           :        **SUMMARY ORDER**
KYHEIM BETHEA,                             :        15-cr-417 (DLI)
                                           :
                        Defendant.         :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 4, 2016, the defendant submitted a supplemental declaration pursuant to the Court's Memorandum and Order dated December 23, 2015 (the "Sup. Decl.," Dkt. Entry No. 13-1). In his supplemental declaration, the defendant stated that: (1) he received permission to drive the Vehicle[1] from an authorized driver, who is a relative of the Vehicle's owner; (2) he owns the backpack discovered on the passenger side floorboard of the Vehicle (the "Backpack"); and (3) he owns the computer bag recovered from the Vehicle's trunk (the "Computer Bag"), as well as the contents of the Computer Bag. Sup. Decl. at ¶¶ 3, 6-7.

The defendant's supplemental declaration raises more questions than it answers regarding his legitimate expectation of privacy in the Vehicle. As an initial matter, the defendant provides no independent proof from the owner, by affidavit or other evidence, that the owner authorized another person to drive the Vehicle. If such authorization indeed was given, what was the scope of the authorization given by the owner to the authorized driver? Did the owner permit the authorized driver to lend the Vehicle to other drivers such as the defendant? Neither the authorized driver nor the Vehicle's owner have submitted affidavits in this regard. That the authorized driver purportedly is a relative of the owner is irrelevant and sheds no light on the questions presented.

---

[1] Unless otherwise indicated, the Court incorporates all party-name abbreviations and designations from the Memorandum and Order in this Summary Order.

*See United States v. Ponce*, 947 F.2d 646, 649 (2d Cir. 1991) (citing *United States v. Ochs*, 595 F.2d 1247, 1253 (2d Cir. 1979) "[D]efendant must show, among other things, a legitimate basis for being in [the vehicle], *such as permission from the owner*.") (emphasis added).

On the other hand, the defendant has established an expectation of privacy in the Backpack, the Computer Bag, and the contents of the Computer Bag. Therefore, despite the lack of clarity regarding the defendant's legitimate privacy expectation in the Vehicle, out of an abundance of caution, the defendant's request for a hearing on the issue of suppression of the tangible evidence seized from the Vehicle is granted. However, the defendant is cautioned, once again, that he bears the burden of establishing a legitimate expectation of privacy in the Vehicle, either before or at the suppression hearing. *United States v. Padilla*, 508 U.S. 77, 81 (1993) (citing *Alderman v. United States.*, 394 U.S. 165, 171–172 (1969) ("It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure.")).

SO ORDERED

Dated: Brooklyn, New York
      January 7, 2016

/s/
Dora L. Irizarry
United States District Judge