UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA, :
:
        -against- : **<u>SUMMARY ORDER</u>**
: 15-CR-417 (DLI)
KYHEIM BETHEA, :
                Defendant. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On October 26, 2016, Defendant Kyheim Bethea ("Defendant") was convicted upon a plea of guilty to two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 16, 2017, this Court sentenced Defendant to 70 months of incarceration on each count, the terms to run consecutively, followed by three years of supervised release with special conditions. *See* Jdgmt. & Commitment Order, Dkt. Entry No. 44. Defendant appealed, arguing that his sentence is substantively unreasonable. *See* No. 17-2788, Dkt. Entry No. 25 (2d Cir. Jan. 30, 2018). That appeal is pending before the Second Circuit Court of Appeals.

On April 30, 2018, Defendant, proceeding *pro se*, filed a motion to correct this Court's judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36").[1] Mot. to Correct Jdgmt. ("Mot."), Dkt. Entry No. 48. Rule 36 provides, in pertinent part, that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

Defendant argues that the Bureau of Prisons ("BOP") miscalculated his sentence because this Court's pronouncement of his sentence omitted the specific dates for which Defendant should

---

[1] In reviewing Defendant's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

be credited with time served. Mot. at 1-2. Specifically, Defendant argues that he should be credited with the time he served from September 10, 2015 through November 11, 2017. *Id.* at 1. According to Defendant's motion, he was credited only with the time he served from June 27, 2016 through August 15, 2017. *Id.* Defendant contends that his sentence would be calculated appropriately if the Court were to correct this omission. *Id.* at 2.

In opposition, the Government argues primarily that Rule 36 does not permit the Court to make this correction, relying on *United States v. Werber*, 51 F.3d 342 (2d Cir. 1995) and *Garcia-Cruz v. United States*, 270 F. Supp.2d 353 (S.D.N.Y. 2003). *See* Gov't Letter in Opp'n at 1-2, Dkt. Entry No. 49 ("Opp'n"). In those cases, however, the requests made pursuant to Rule 36 were requests to materially alter judgments. This Court finds that the better comparison is to *United States v. Madrid*, 193 F. Supp.3d 234 (S.D.N.Y. 2016). As the district court explained in *Madrid*, "the omission of the precise dates of [defendant]'s pre-sentence deductions is a clerical error. Rule 36 expressly allows for…inserting omitted dates where, as here, the omitted dates cause the judgment to be construed incorrectly." 193 F. Supp.3d at 239.

Subsequent to Defendant's filing of the instant motion, the BOP recalculated Defendant's sentence. *See* Letter from the BOP ("BOP Letter") at 2, Dkt. Entry No. 51.[2] Defendant now is credited with the time served from June 27, 2015 through June 30, 2015, and the time served from July 1, 2016 through October 10, 2017. BOP Letter at 3. Accordingly, Defendant's request to correct the judgment to reflect those specific dates is granted, without opposition from the BOP.

The periods from September 10, 2015 through June 30, 2016 and October 11, 2017 through November 11, 2017 remain contested by Defendant. *See* BOP Letter; Mot. The Court finds that the judgment has not been construed incorrectly with respect to those dates. As the BOP has

---

[2] For ease of reference the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

explained, during the first period, Defendant was serving a state parole revocation term. BOP Letter at 3. Pursuant to 18 U.S.C. § 3585(a), this time cannot be credited to Defendant as time served. *Id.* Moreover, Defendant's current term of incarceration commenced on October 11, 2017, so any period of time after that date cannot be credited as time served. *Id.* Accordingly, the omission of these dates from the judgment does not result in the judgment being misconstrued, and this portion of Defendant's request is denied.

## CONCLUSION

Defendant's motion is granted in part and denied in part. The judgment is amended to specify June 27, 2015 through June 30, 2015, and July 1, 2016 through October 10, 2017, as the time periods for which Defendant should receive credit.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2018

/s/
DORA L. IRIZARRY
Chief Judge