UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KYHEIM BETHEA,                                   :
                                                 :
                    Petitioner,                  :
                                                 :            **MEMORANDUM AND ORDER**
         -against-                               :            **15-cr-417(S-1) (DLI)**
                                                 :            **20-cv-2753 (DLI)**
UNITED STATES OF AMERICA,                        :
                                                 :
                    Respondent.                  :
---------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On August 21, 2015, Petitioner Kyheim Bethea ("Petitioner") was charged in a one-count indictment with being a previously convicted felon in possession of a firearm, to wit, a Bersa .380 caliber pistol, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See*, Indictment, Dkt. Entry No. 3.[1] On April 14, 2016, after a two-day hearing was held on Petitioner's motion to suppress physical evidence and post-arrest statements, the Government filed a superseding indictment charging Petitioner with an additional count of with being a previously convicted felon in possession of a firearm, to wit, a Ruger .40 caliber handgun and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See,* Superseding Indictment, Dkt. Entry No. 22.[2] On April 18, 2016, Petitioner was arraigned on the superseding indictment and the Court orally denied the motion to suppress evidence. *See*, Minute Entry April 18, 2016; Memorandum & Order Denying Suppression Motion, Dkt. Entry No. 23.

---

[1] All references to docket entries are to entries made in the criminal case underlying this petition, *United States v. Kyheim Bethea,* Dkt. No. 15-cr-417 (DLI).

[2] The suppression hearing was begun on January 27, 2016 and continued on March 3, 2016.

On October 26, 2016, Petitioner pled guilty, under oath, to both counts in the superseding indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See*, Minute Entry dated October 26, 2016; Guilty Plea Transcript ("Plea Tr."), Dkt. Entry No. 60. During the plea colloquy, the Court explained, *inter alia,* the charges in the indictment to Petitioner, emphasizing that Petitioner's prior felony conviction was an element of the charges to which he was pleading guilty. Plea Tr. at 12:14-13:8. Petitioner admitted, under oath, that he was guilty because he "possessed a firearm when [he] wasn't supposed to." *Id.* at 34:22-35:2. He further admitted that, on September 7, 2013, he possessed a firearm and ammunition and that, prior to that date, he already had been convicted of murder in the second degree, a felony. *Id.* at 35:9-18. Petitioner also admitted that he knew his possession of the weapon was unlawful. *Id.* at 35:19-22. He also admitted that, on June 27, 2015, he was in possession of a firearm, had been convicted of a felony prior to that date, and he understood that he was possessed the firearm illegally. *Id.* at 36:8-21.

On August 16, 2017, Petitioner was sentenced to seventy months of imprisonment on each count, to run consecutively to each other, followed by three years of supervised release with conditions on each count to run concurrently with each other. *See*, Minute Entry dated August 16, 2017; Judgment, Dkt. Entry No. 44; Sentencing Transcript ("Sent. Tr."), Dkt. Entry No. 47.[3] At his sentencing, Petitioner again admitted his guilt. *See*, Sent. Hearing Tr., Dkt. Entry No. 47 at 40:8-14 ("Your Honor, I pled guilty to it, so I'm guilty, yes.").

---

[3] On September 27, 2018, by Summary Order, the Court granted in part and denied in part Petitioner's Rule 36 motion to amend the judgment to specify June 27, 2015 through June 30, 2015, and July 1, 2016 through October 10, 2017, as the time periods for which Defendant should receive credit for time served. *See,* Dkt. Entry Nos. 48, 49, 51, 52.

Petitioner appealed from his judgment of conviction challenging only the reasonableness of the sentence imposed and the Second Circuit affirmed the conviction. *See, United States v. Bethea*, 747 Fed. Appx. 17 (2d Cir. 2018)

On June 21, 2020, pursuant to 28 U.S.C. § 2255 ("Section 2255"), Petitioner filed the instant petition to vacate his guilty plea and the sentence imposed on each count. *See*, Pet.'s Mot., Dkt. Entry No. 56. The Government opposed the Petition. *See*, Gov't Opp'n, Dkt. Entry No. 59. Petitioner did not submit a reply. Petitioner argues that: (1) the Court lacks subject matter jurisdiction because the indictment does not allege all the elements of 18 U.S.C. § 922(g); (2) his guilty plea must be vacated due to a structural error because he was not advised properly that he had to know that he belonged to a category of persons barred from possessing a firearm as an element of the felon in possession charge as set forth the United States Supreme Court in *Rehaif v. United States,* 139 U.S. 2191 (2019); and (3) he is entitled to a certificate of appealability if his motion is denied. For the reasons set forth below, Petitioner's motion is denied in its entirety.

## LEGAL STANDARD

Pursuant to § 2255, a sentencing court may "vacate, set aside or correct [a] sentence" that was imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted). Where a criminal defendant "did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255." *Rajaratnam v. United States*, 736 Fed. App'x 279, 281 (2d Cir. 2018) (citing *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). "An exception applies . . . if the [criminal] defendant

demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence." *Id.* (citing *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015)).

## DISCUSSION

### I.     Procedural Bar

As a threshold issue, Petitioner failed to raise the instant challenges to his conviction on direct appeal. *See*, *United States v. Bethea*, 747 Fed. Appx. 17, 18 (2d Cir. 2018) ("On appeal, Bethea raises a single argument, namely that the term of incarceration imposed is substantively unreasonable.")  Petitioner fails to provide good cause for failing to raise his claims on appeal, demonstrate resulting prejudice, or argue that he is actually innocent. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).  Accordingly, Petitioner's claims are procedurally barred.

### II.    Subject Matter Jurisdiction

Petitioner also argues that the indictment is defective because it did not allege that Petitioner knew he belonged to a relevant category of persons barred from possessing a firearm pursuant to § 922(g). *See*, Pet.'s Mot. at 8. Consequently, Petitioner maintains that the Court lacks subject matter jurisdiction over this action.  Petitioner makes this argument notwithstanding his acknowledgment that the Second Circuit has rejected this argument. *See*, *United States v. Balde*, 943 F.3d 73 (2d Cir. 2019). "[O]mission of the knowledge of status requirement in a charging document does not affect the district court's jurisdiction." *United States v. Bryant*, 976 F.3d 165, 173 (2d. Cir. 2020) (citing *Balde*, 943 F.3d at 92).

Here, the superseding indictment tracks the language of § 922(g) and states the time and place of the crimes in approximate terms.  Although the superseding indictment does not allege that Petitioner knew he was a felon, that is not a jurisdictional defect. *Balde*, 943 F.3d at 92. As such, Petitioner's challenge to this Court's jurisdiction fails.

**III.     Sufficiency of Petitioner's Guilty Plea**

Petitioner further contends that his guilty plea suffers from a structural error because the Court did not advise him during his plea colloquy that a required element of § 922(g) is that Petitioner knew he belonged to a relevant category of persons, specifically persons previously convicted of a felony, who are barred from possessing a firearm. *Rehaif,* 139 S. Ct. 2191, at 2200. The Supreme Court has rejected Petitioner's argument and reversed the Fourth Circuit case on which Petitioner heavily relies. *See*, *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) ("a *Rehaif* error in a plea colloquy is . . . not structural") (reversing *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020)).

To have been entitled to plain error relief, Petitioner was required to show that, had he been advised of the *Rehaif* knowledge requirement, "there is a 'reasonable probability' that he would not have pled guilty." *Id.* at 2097. However, under oath, Petitioner admitted his guilt, acknowledged he was aware of his status as a previously convicted felon, and conceded that he knew his possession of firearms was unlawful. Plea Tr. at 34:22- 35:2, 35:19-22, 36:8-21; Sent. Tr. at 40:8-14; *See*, *Greer,* 141 S. Ct. 2090, at 2097-98 (petitioner's prior conviction serves as "substantial evidence" that he knew he was a felon). There is no "reasonable probability" this case would have gone a different way nor does Petitioner attempt to argue that it would. This case is a classic example proving the "common sense" point that "individuals who are convicted felons ordinarily know that they are convicted felons." *Id.* at 2095. In sum, applying the Supreme Court's holding and rationale in *Greer* and the clear record here, Petitioner's claim of structural error in the guilty plea fails.

### IV. Request for a Certificate of Appealability

Petitioner requests a certificate of appealability so that he may challenge the Second Circuit's decision *Balde* based on his reliance on *Gary*. As discussed above, the Supreme Court's decision in *Greer* resolved this issue making Petitioner's request moot. Therefore, Petitioner is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See,* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

### CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion is denied in its entirety. Petitioner is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See,* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 5, 2023

/s/
DORA L. IRIZARRY
United States District Judge